UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DAISY TORRES,                                               16 CV 1662 (PKC)(PK)

                                            Plaintiff,        **VERIFIED ANSWER**

    -against-

AMERICAN AIRLINES, INC., and AMERICAN
AIRLINES GROUP, INC.

                                          Defendants.
------------------------------------------------------------------------X

       Defendants, AMERICAN AIRLINES, INC., and AMERICAN AIRLINES GROUP, INC. by and through their attorneys, **RUTHERFORD & CHRISTIE, LLP,** as and for their Answer to the Complaint of the plaintiff herein, respectfully set forth as follows, upon information and belief:

## THE PARTIES

       FIRST:  Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "1" in the plaintiff's Complaint.

       SECOND:  Admit the allegations contained in the paragraph designated as "2" of the plaintiff's Complaint.

       THIRD:  Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "3" of the plaintiff's Complaint, and leave all questions of law to this Honorable Court.

FOURTH: Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "4" of the plaintiff's Complaint.

## THE UNDERLYING FACTS

FIFTH: Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "5" of the plaintiff's Complaint.

SIXTH: Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "6" of the plaintiff's Complaint, and leave all questions of law to this Honorable Court.

SEVENTH: Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "7" of the plaintiff's Complaint.

EIGHTH: Deny each and every allegation contained in the paragraph designated as "8," of the plaintiff's Complaint.

NINTH: Deny each and every allegation contained in the paragraph designated as "9," of the plaintiff's Complaint.

## AS AND FOR A FIRST CLAIM FOR RELIEF

TENTH: In response to the paragraph designated as "10," defendants repeats, reiterate and reallege each and every response to the plaintiff's Complaint contained in paragraphs "1" through "9" above with the same force and effect as if set forth herein at length.

ELEVENTH: Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "11" of the plaintiff's Complaint.

TWELFTH: Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "12" of the plaintiff's Complaint, and leave all questions of law to this Honorable Court.

THIRTEENTH: Deny each and every allegation contained in the paragraph designated as "13" of the plaintiff's Complaint.

FOURTEENTH: Deny each and every allegation contained in the paragraph designated as "14" of the plaintiff's Complaint.

FIFTEENTH: Deny each and every allegation contained in the paragraph designated as "15" of the plaintiff's Complaint.

SIXTEENTH: Deny each and every allegation contained in the paragraph designated as "16" of the plaintiff's Complaint.

## AS AND FOR A SECOND CLAIM FOR RELIEF

SEVENTEENTH: In response to the paragraph designated as "17," defendants repeat, reiterate and reallege each and every response to the plaintiff's Complaint contained in paragraphs "1" through "16" above with the same force and effect as if set forth herein at length.

EIGHTEENTH: Deny each and every allegation contained in the paragraph designated as "18" of the plaintiff's Complaint.

NINETEENTH: Deny each and every allegation contained in the paragraph designated as "19" of the plaintiff's Complaint.

TWENTIETH: Deny each and every allegation contained in the paragraph designated as "20" of the plaintiff's Complaint.

## AS AND FOR A FIRST SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIRST: Upon information and belief, that whatever damages the plaintiff may have sustained at the time and place mentioned in the Complaint were caused in whole or in part by the culpable conduct of said plaintiff. The amount of damages recovered, if any, shall therefore be diminished in the proportion to which said culpable conduct, attributable to Plaintiff, bears to the culpable conduct which caused said damages.

## AS AND FOR A SECOND SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SECOND: If the injuries and damages were sustained by the plaintiff at the time and place and in the manner alleged in the Complaint, such damages and injuries are attributable, in whole or in part, to the culpable conduct of third parties, and if any damages are recoverable against the defendant, the amount of such damages shall be diminished in the proportion that the culpable conduct attributable to third parties bears to the culpable conduct which caused the damages pursuant to CPLR §1601.

## AS AND FOR A THIRD SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-THIRD: That the Complaint herein fails to state a cause of action upon which relief may be granted against the answering defendants.

## AS AND FOR A FOURTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FOURTH: The answering defendants, their agents, servants and/or employees did not take part in or direct any of the acts complained of which resulted in plaintiff's alleged damages.

## AS AND FOR A FIFTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIFTH: Plaintiff's damages were caused and brought about by an intervening and superseding cause and were not caused by the defendants, or by a person or entity for whom the defendants are responsible.

## AS AND FOR A SIXTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SIXTH: The defendants' liability, if any, to the plaintiff is limited under Article 16 of the Civil Practice Law & Rules of the State of New York.

## AS AND FOR A SEVENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SEVENTH: Upon information and belief, plaintiff's economic loss, if any, as specified in §4545 of the CPLR, was or will be replaced or indemnified, in whole or in part, from collateral sources, and the answering defendants are entitled to have the Court consider the same in determining such special damages as provided in §4545 of CPLR.

## AS AND FOR AN EIGHTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-EIGHTH: The answering defendants, pursuant to §1412 of the CPLR, alleges upon information and belief that if the plaintiff sustained any damages at the time and place alleged in the Complaint, such damages were the result of the culpable conduct of the plaintiff because of the plaintiff's negligence or assumption of risk. Should it be found, however, that defendants are liable to the plaintiff herein, any liability being specifically denied, then the defendant demands that any damages that are found to be apportioned among the respective parties according to the degree of responsibility each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

### AS AND FOR A NINTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-NINTH: That all risks and dangers of losses connected with the situation alleged in the Complaint were at all times and places mentioned obvious and apparent and were known to the plaintiff and were voluntarily assumed by her.

### AS AND FOR A TENTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

THIRTIETH: Plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the Complaint.

### AS AND FOR AN ELEVENTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-FIRST: This court has not acquired in personam jurisdiction over the answering defendants based upon improper service of process.

### AS AND FOR A TWELFTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-SECOND: The answering defendants herein claim the benefit of each and every provision of General Obligations Law Section 15-108.

### AS AND FOR A THIRTEENTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-THIRD: The negligence of a third person or entity over whom the answering defendants had no control was a superseding cause and insulates the answering defendant from liability.

### AS AND FOR A FOURTEENTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-FOURTH: Plaintiff knowingly and with intent, destroyed, avoided, or bypassed safety devices, thereby modifying the safety equipment provided and causing her accident.

### AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-FIFTH: Plaintiff failed to exercise ordinary care to effect a cure and to prevent aggravation of the alleged injury and damages.

### AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-SIXTH: The dangers, if any, alleged in the verified complaint were patent, open and obvious.

### AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-SEVENTH: Plaintiff's own conduct was the sole proximate cause of her alleged accident and injuries.

**WHEREFORE,** the defendants, AMERICAN AIRLINES, INC. and AMERICAN AIRLINES GROUP, INC., demand judgment dismissing the plaintiff's Verified Complaint against it, together with the costs and disbursements incurred in this action.

Dated: New York, New York
April 14, 2016

Yours, etc.

**RUTHERFORD & CHRISTIE, LLP**

BY: _____
David S. Rutherford
Attorneys for Defendants,
800 Third Avenue, 9th Floor
New York, New York 10022
(212) 599-5799

TO: THE BERKMAN LAW OFFICE, LLC
Attorney for Plaintiff
111 Livingston Street, Suite 1928
Brooklyn, NY 11201
(718) 855-3627
Attention: Robert J. Tolchin, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the **VERIFIED ANSWER and NOTICE OF DEPOSITION UPON ORAL EXAMINATION,** along with all exhibits attached thereto, were served regular mail to: THE BERKMAN LAW OFFICE, LLC, 111 Livingston Street, suite 1928, Brooklyn, New York 11201 on the 14th of April, 2016.

Dated: New York, New York
April 14, 2016

    Yours, etc.

**RUTHERFORD & CHRISTIE, LLP**

BY: _____
David S. Rutherford
Attorneys for Defendants,
800 Third Avenue, 9th Floor
New York, New York 10022
(212) 599-5799